[No. 4865.]

## TIERY WRIGHT v. LEVI CARPENTER AND THOMAS F. LAUGENOUR.

VIEW OF LAND BY A JURY.—In ejectment, the statute authorizes the court to direct the jury to be conducted to view the land in controversy; but it does not authorize them to view any other property than that which is in litigation.

VIEW BY JURY OF PROPERTY IN SUIT AS EVIDENCE.—The jury, when directed by the court to view the land in litigation, in ejectment, cannot use the result of their examination as independent evidence in the case.

VIEW OF LAND BY A JURY.—An instruction to a jury sent out to view land in controversy "that they examine the land, examine the quality of the soil, and the growth upon it," and that "you avoid forming an opinion as to its quality until you have finally heard all the evidence," does not authorize them to take into consideration the result of their own examination as independent evidence.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

This is the third appeal in this case. The first is reported in 47 Cal. 436, and the second in 49 Cal. 608. The general facts are there stated. The plaintiff claimed title under a patent issued by the State for the land as swamp and overflowed, bearing date July 23, 1862. The defendants claimed title under a patent issued by the United States under a pre-emption claim, bearing date June 16, 1866. On the third trial, before any testimony had been introduced, the plaintiff moved the court to direct the jury to view the land in controversy. The defendant's

counsel objected to the jury being sent to view the land, but stated that they expected to prove that other lands of a like character of that in suit in the same vicinity, and equally liable to overflow, had been for many years continuously cultivated successfully in staple crops, and that, since September 28, 1850, the channels and currents of streams in the neighborhood had been so changed as to largely increase the volume and extend the duration of the overflow by water in the vicinity of the land in suit. They therefore asked that the jury, if sent out, be directed to view, in addition to the land in suit, said other lands and the streams named.

The court granted the motion against the objections of the defendants, and instructed the jury as follows: "The jury will go with the sheriff, examine the land, examine the quality of the soil, and the growth upon it; but you are not to have any conversation with each other or anybody else in relation to the quality of the land; avoid forming an opinion as to its quality until you have finally heard all the evidence and retired to your jury-room to consider a verdict."

The court ordered that "the jury be shown the land in contest;" and denied the motion of the defense that they be allowed to see other lands.

The plaintiff recovered judgment and the defendant appealed.

*W. C. Belcher, W. W. Pendeoast, Creed Haymond and S. G. Harper,* for the Appellants.

*C. P. Sprague,* for the Respondent.

By the COURT:

Section 610 of the Code of Civil Procedure authorizes the District Court, in certain cases, to direct the jury to be conducted to view the property in controversy. It does not authorize the view of other property than that which is in litigation, and the court below properly refused the appellant's application.

The instruction given to the jury before they proceeded to look at the land, did not authorize them to take into con-

sideration—when they should retire to the jury-room—the result of their own examinations of the land, as independent evidence in the cause. In this respect the instruction differed from the charge of the court, held erroneous at the former appeal.

Judgment affirmed.