## JAMES W. PARKER v. THE CITY OF ATCHISON.

CITY — *Change of Street Grade — Measure of Damages.* Where a city of the first class changes the grade of one of its streets, an abutting lot-owner will be entitled under the statutes to any damage which he may suffer thereby; and in a suit therefor, the jury may take into consideration the condition of the plaintiff's property, the street and the grade, and also the market value of the property before and after the grading; and where his property in injured in value, the measure of his damages will be the difference in the market value brought about by reason of the change of the grade; but where the property is not injured in value by reason of the change of the grade, he will not be entitled to recover anything.

*Error from Atchison District Court.*

THE facts are set forth in the opinion. Judgment for the defendant *City*, at the June term, 1888. The plaintiff *Parker* brings the case to this court.

*W. W. & W. F. Guthrie*, for plaintiff in error.

*H. C. Solomon*, city attorney, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This proceeding in error in this court is founded upon an appeal by James W. Parker to the district court from the action of the appraisers denying to him damages claimed by him to have been caused by a change of the grade of a portion of Sixth street in front of his property, in the city of Atchison. Parker was the plaintiff in the district court, and is the plaintiff in error in this court; while the city of Atchison was the defendant in the district court, and is the defendant in error in this court. The plaintiff's supposed right to damages is founded solely upon the provisions of § 18, ch. 37, of the Laws of 1881, ( Gen. Stat. of 1889, ¶ 562,) which section reads as follows:

"SEC. 18. The mayor and council shall have the power to establish by ordinance the grade of any street, alley, lane or avenue within the city; and when the grade of any street, alley, lane or avenue shall have been so established, or shall have been heretofore established, and the grade thereof accepted by the council, such grade shall not be changed until declared necessary by resolution by a three-fourths vote of all the council elected, and not then until the damage to property-owners, which may be caused by such change of grade, shall have been assessed by three disinterested appraisers, who shall be appointed by the mayor, with the consent of the council, for that purpose, who shall make such appraisement and file their report under oath with the city clerk, within twenty days after receiving notice of their appointment from the city clerk; and the city clerk shall give notice to interested property-owners by publication in the official paper of the city for at least ten days prior to the assessment of damages, which

notice shall specify the names of the appraisers, the time when they will meet to make such appraisement, and the name of the street between the points wherein such change of grade is to be made, and the amount of damages so assessed shall be deposited with the city treasurer, subject to the order of said property-owner or owners, or their agent or agents, before any such change of grade shall be made; and any person feeling himself aggrieved by such amount of damages may appeal therefrom within ten days after confirmation of said report by the council, by serving a written notice upon the mayor, or in his absence the acting mayor, or in his absence the city clerk, of such intention to appeal to the district court, and by executing a bond to the city, conditioned to faithfully prosecute such appeal to a final determination thereof, and to pay all costs so incurred in case such appellant does not recover a judgment greater than the damages awarded by said appraisers. The taking of such appeal shall not operate in any manner to prevent the change of said grade, and the cost and expense of changing the grade of said street and grading the same shall be paid by the city."

The case was tried before the court and a jury, and a verdict and judgment were rendered in favor of the defendant and against the plaintiff, and the plaintiff brings the case to this court.

The facts of the case are substantially as follows: The plaintiff owned and owns lots numbered 11, 12, 13, and 14, in block numbered 39, in that part of the city of Atchison known as "Old Atchison." The lots lie west of Sixth street, north of Main street, and south of an alley which runs east and west through the middle of the block. The ground occupied by the lots is low when compared with the surrounding land, the stream called "White Clay creek" running through such lots, and a portion of the lots occupying its bed. The grade of Sixth street was changed in 1887, and was increased in height from nothing at the alley at the northeast corner of the plaintiff's property to 12 feet 9 inches at the north line of Main street and at the southeast corner of the plaintiff's property, the object of this change of grade being for the purpose of constructing a viaduct over Main street and over a large number of railroad tracks. The work was commenced

in March, 1887, and was completed some time in the summer of 1887; and the viaduct was completed and opened for travel in April, 1888.　At the line between the plaintiff's land and Sixth street a retaining wall of great thickness and of solid masonry was built.　A portion of the wall about 18 or 20 inches in thickness was built with the consent of the plaintiff upon the plaintiff's land, and it was built in such a manner that it could be used by the plaintiff in making improvements upon his land.　Evidence was introduced on the trial to show how the plaintiff's land lay, how the grade and the viaduct were constructed, of what materials they were constructed, the value of the plaintiff's property immediately before the grading was done, and also the value of his property afterward; and all these things were taken into consideration by the jury. The case, however, was tried upon the theory as stated by the court to the jury in the following instruction, which reads as follows:

"4.　In determining the amount of damages plaintiff is entitled to recover in this action, if any, you will ascertain from the evidence the market value of lots 11, 12, 13, and 14, described in plaintiff's petition, immediately prior to said change of grade, and their market value immediately after said change of grade; and if you find that their market value was less after said change of grade than before, then the difference in such values would be the amount plaintiff would be entitled to recover of the defendant in this action, and you should give him a verdict for that amount; but if you should find that the market value of said lots was as great or greater after said change of grade as before, the plaintiff would not be entitled to recover, and you should return a verdict for defendant."

We would think from the evidence that the plaintiff's property was in fact of much greater value after the change of the grade and by reason thereof than it was before.　But it is claimed by the plaintiff that nothing should be taken into consideration in determining the amount of his recovery except that which would tend to cause injury or inconvenience; hat nothing should be taken into consideration which would

tend to make the property more valuable or more convenient for use; that all the evils, inconveniences, disadvantages and losses caused by the change of the grade should be carefully brought together, massed and aggregated, and he allowed damages for the whole of the same; while all the benefits, conveniences, advantages and gains should be carefully excluded from all consideration. We think the plaintiff is wrong. In making the change of the grade the city took nothing from the plaintiff. The fee in the street was and is in the county in trust for the use and benefit of the public in general; and the exclusive control of the street, with the right to the exclusive control thereof, was and is in the city. It is true that a portion of the retaining wall 18 or 20 inches in thickness was built upon the plaintiff's property upon the east side of lot numbered 14; but it was so built with the consent of the plaintiff, and it now belongs to the plaintiff and is a benefit to his lots instead of being an injury thereto. Except for the statute above quoted, the plaintiff would not be entitled to recover anything under any circumstances, even if the change of the grade had injured him; and with the statute, we do not think that he can recover where the change of the grade has really and actually benefited him.

As to another point in the case, see the case of *City of Topeka v. Martineau*, 42 Kas. 387; same case, 22 Pac. Rep. 319.

We think the case was tried in the court below upon the right theory, and that no material error was committed in the case; and therefore the judgment of the court below will be affirmed.

All the Justices concurring.