No. 31,788

Doris M. Headington, *Appellant*, v. Central Building Company, *Appellee.*

(41 P. 2d 1040)

Opinion filed March 9, 1935.

*Richard E. Bird* and *Richard E. Bird, Jr.,* both of Wichita, for the appellant.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for personal injuries. Judgment was for defendant. Plaintiff appeals.

Plaintiff was employed in an office on the ninth floor of an office building owned and operated by defendant. The floor in the hallway on this floor of the building is made of a substance known as terrazo. It is made by putting a mixture of cement and marble chips on the floor and then rolling and grinding it down until it has a smooth surface.

On the night of the 12th or 13th of August, 1931, defendant put a new wax on this floor. On the 14th of August plaintiff slipped and fell in the waxed hallway and was injured. This action followed. The jury returned a verdict for defendant. Judgment was entered accordingly.

At the close of defendant's evidence defendant asked that the jury be permitted to inspect the floor in the hallway of the Central building and one of the floors of Wesley Hospital. Plaintiff objected to the jury being permitted to inspect either the Central building or the hospital. The court overruled the objection and permitted the inspection.

Plaintiff argues this ruling of the trial court was erroneous. In this connection it is pointed out that the hallway on the ninth floor of the Central building was not in the same condition at the time the jury viewed it as it was when the injury occurred. The wax that had

been put on prior to the time of the accident was removed the next day and its use discontinued, and none had been put on at the time of the trial, over a year later. There was no evidence that the floor of the hospital was in the same condition as the floor where the accident occurred, beyond the fact that the floor was of terrazo and had been treated with the same kind of wax that had been used on the Central building.

The theory of the plaintiff is not that the terrazo floor is so slippery as to be dangerous, but that this floor was dangerous on account of the particular wax that had been applied, and that it had been improperly applied at the spot where the injury occurred.

The right to have the jury view a place which is the subject of the action is a statutory one. It is as follows:

"Whenever in the opinion of the court it is proper for the jury to have a view of the property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted in a body under the charge of an officer to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent no person other than the person so appointed shall speak to them on any subject connected with the trial." (R. S. 60-2910.)

There is no provision for a view of any place other than where the cause of action is alleged to have occurred. In this case, Wesley Hospital was not the subject of the litigation, nor did any fact occur there.

In *Tedens et al. v. Sanitary District*, 149 Ill. 87, in speaking of this question, the court said:

"It appears on the trial that the jury, after viewing the premises involved, were taken upon and examined another tract of land in the same locality, and this is relied upon as error. In the trial of a case of this character, section 9 of chapter 47 of our statute provides 'that the jury shall, at the request of either party, go upon the land sought to be taken or damaged and examine the same.' . . . It is under this statute that the jury made the view under consideration, and as the statute contains no provision authorizing the jury to view other lands in the locality of the lands sought to be condemned, we do not think they had any authority to do so. The proceeding being under the statute must conform to the statute." (p. 93.)

In *Wright v. Carpenter*, 50 Cal. 556, the court said:

"In ejectment, the statute authorizes the court to direct the jury to be conducted to view the land in controversy; but it does not authorize them to view any other property than that which is in litigation." (Syl. ¶ 1.)

The view by the jury of the floor in Wesley hospital was no doubt prejudicial. The jury would consider the fact that the floor

was in a hospital and might very well overlook the fact that the basis for the liability of the building company was the fact that the wax had been improperly applied at the spot in question. Regardless of all that, the defendant had no right to have the jury view any property other than the place where the injury occurred. The ruling of the trial court in overruling the objection of plaintiff to a view by the jury of the floor in Wesley hospital was error, which by itself would require a reversal of the judgment in this case and the sending of it back for a new trial.

The court also permitted the jury to view the place in the Central building where the injury occurred. It will be remembered that the ground upon which plaintiff claimed liability was that the wax had just been applied and had been improperly put on. The wax in question was removed the next day after the injury. It had never been replaced. The place viewed must be in the same condition as it was at the time of the accident. (See *State v. Henson,* 105 Kan. 581, 185 Pac. 1059; *Rudy v. Headley,* 103 Kan. 417, 173 Pac. 913; also, *Seininski v. Wilmington Leather Co.,* 83 Atl. 20; 3 Boyce 288, 26 Del.) This is a wise rule. Where the condition that is claimed to have caused an injury no longer exists no good purpose can be served by taking the jury out to see the place where it once existed. The only result of this would be to confuse the jury. There was no evidence that the floor where the injury occurred was in the same condition when the jury saw it as it was when the injury occurred, and it was error for the court to permit the view. The burden of showing that the floor was in the same condition was on defendant.

Among other instructions the court instructed the jury as follows:

"You are instructed that the object of the view is to acquaint the jury with the physical situation, conditions, and surroundings of the place and things viewed.

"You have a right to take into consideration in this case such knowledge and information as you may have acquired by a view of the place testified to as to the alleged damages by the personal examination of the premises that you have been permitted to make under direction of the court. Such information as the jury may have acquired from the making of the view is not to be considered as exclusive or predominating evidence. The jury is not to disregard other evidence in regard to the character and situation and natural conditions of the place in question, but, on the other hand, the information obtained by the jury at the view of the place in question is to be considered in connection with the evidence introduced from the witness stand in the case."

Plaintiff argues that this instruction is erroneous because it infers the information gained from the view is evidence. It is argued by

plaintiff that information gained in the view is not evidence, but is explanatory of the evidence. Some courts have held it is error to instruct the jury to take into consideration any knowledge obtained while viewing the premises. Other courts have held the jury is not bound by the testimony of the witnesses but may rest its verdict on the knowledge obtained by a view of the premises. This court has taken a middle ground.

In *Junction City v. Blades*, 1 Kan. App. 85, the court held:

"The inspection of a place by the jury is not evidence, but merely comes in aid thereof, and the information which the jury may acquire from making the view is not to be elevated to the character of exclusive or predominating evidence." (Syl. ¶ 7.)

In *City of Topeka v. Martineau*, 42 Kan. 387, 22 Pac. 419, this court held the following instruction not to be error:

"The court has sent you, under charge of a bailiff, to examine the premises in question. You may, in considering your verdict, take into consideration the result of your observation in connection with the evidence produced before you." (p. 389.)

Following these two authorities, as well as those examined from other jurisdictions, we conclude that an instruction such as the one given here, which treated the information gained at the view as evidence, was erroneous.

The judgment of the trial court is reversed, with directions to grant plaintiff a new trial in accordance with the views herein expressed.