Nos. 40,781 and 40,875

DORA ELIZABETH TAYLOR and HENRY W. TAYLOR, *Appellees*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(320 P. 2d 832)

Opinion filed January 25, 1958.

*Constance M. Achterberg*, of Topeka, argued the cause, and *W. B. Kirkpatrick*, assistant attorney general, and *J. V. Severe*, of Ashland, were with her on the briefs for the appellant.

*Robert M. Baker*, of Ashland, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: The state highway commission commenced an eminent domain proceeding to condemn land, including three adjoining tracts belonging to appellees, for the purpose of widening and

realigning U. S. highway 283 north of Englewood. Appellees, the landowners, appealed from the award of the court-appointed appraisers and the jury returned a verdict in excess of that award. The trial court approved the verdict and rendered judgment thereon. The commission immediately appealed therefrom and filed a motion for new trial. This motion was overruled and the commission also appealed from that ruling. The commission requested consolidation of the former appeal, No. 40,781, with the latter appeal, No. 40,875, for presentation to this court, which motion was allowed.

We shall continue to refer to the state highway commission as the commission and to appellees as the landowners. In view of prospective urban development by the landowners, their three tracts of land (blocks 30, 41, and 44 of the original town of Englewood) were referred to as 4(f) in block 30; 4(c), 4(d), and 4(e) in block 41; and 4(a) and 4(b) in block 44, but they will be referred to herein simply as blocks 30, 41, and 44.

The landowners' notice of appeal from the award of the appraisers merely referred to block 41. The commission makes quite a point of this notice of appeal because it believes the landowners should thereby be limited in their proof and recovery to block 41 only. It is uncontradicted that 1.05 acres of land were actually taken by the commission from blocks 30, 41, and 44 and that 0.41 acre was actually taken from block 41. All improvements were located on block 41 so the only thing involved in blocks 30 and 44 was bare plowed ground enclosed by a five-wire fence with a post every eight feet. The improvements consisted of a six room stucco house; a bermuda lawn; several trees including two large walnut, one large cottonwood, and some Chinese elms; a TV antenna tower with a concrete base; and a number of farm buildings, a corral and a storm cave. The taking included trees, two thirds of the house, the TV antenna, and the lawn. The edge of the proposed highway would be eighteen feet from the garage and storm cave entrances.

The landowner, Mrs. Taylor, testified on direct examination that the wires, posts, and labor costs in estimating the value of the 938 rods of fence would total $388.65 and that on the date of the taking the land and the improvements taken on block 41 were worth $12,000. The balance of the land was worth $8,000 before and $3,000 after the taking. On cross-examination she testified that in arriving at the $12,000 for the land and improvements taken, she

had added the TV antenna at $200.00; fence, $388.00; about an acre of land, $250.00; the house, $7,500 or $8,000; and $4,000 for yard and trees.

Lyle K. Yancey, an expert witness for the landowners, placed an overall value on land and improvements taken of $10,690 and showed the items he considered in making up that figure.

L. B. Hancock, another expert witness for the landowners, set the value of the land and improvements taken at $9,655 after deducting $5,200, the value after taking, from $14,855, the value before taking.

G. C. Myers, another witness for the landowners, testified in regard to the physical appearance and quality of the improvements.

Daniel Dailey, an expert witness for the landowners, evaluated the whole at $13,450 before and $3,000 after the taking, or a difference of $10,450.

A long colloquy between counsel and the trial court followed this testimony at the conclusion of which the landowner, Mrs. Taylor, was returned as a witness to show more specifically the character and appearance of the land and improvements which included some details not specified by her previously.

The commission moved to strike all of the landowners' testimony, which motion was overruled by the court.

The commission's evidence consisted of testimony of the three appraisers in the original eminent domain proceeding. They placed the amount of damage to the landowners as a result of the taking in the sum of $4,800.

Mrs. Taylor was called as a rebuttal witness and testified that blocks 30, 41, and 44 had been operated as a unit but block 41 was the main part of the unit.

Upon application of the commission the jury was sent by the court to view the premises and then returned for instructions by the court and argument of counsel.

It is admitted that the trial court properly instructed the jury as to the 0.41 acre taken by the commission. The jury returned its general verdict in favor of the landowners for $12,546 which was approved by the trial court and judgment rendered thereon. The commission took its appeal from that judgment and filed a motion for new trial which, when overruled by the trial court, became the basis for a later appeal. These appeals were consolidated, as heretofore stated, for hearing before this court.

The landowners argue the appeal should be dismissed because the points involved in the specifications of error were not raised at the hearing on the motion for new trial. The motion for new trial contained every ground for new trial set out in G. S. 1949, 60-3001. The next two grounds of the motion to dismiss are not shown in this record to be matters determinable on a motion to dismiss. The last ground of the motion is based on rule 8 of this court in that the abstract of the commission was served on the landowners five days after the expiration of the required time of four months from filing of the notice of appeal; that the commission's brief was not served on the landowners until thirty-six days before the date set for hearing while the rule requires forty days. The landowners claim they have thereby been prejudiced. We have carefully considered the grounds of this motion. It is true the rules of this court controlling appeals to it must be complied with but before an appeal will be dismissed, the court is bound to consider the circumstances of each particular case as to whether failure to so comply results in hardship or disadvantage to the opposition. It is also true the commission should have filed applications for extensions of time, which it failed to do, but we think no serious hardship or disadvantage resulted to the landowners thereby. In *Schulte v. Westborough, Inc.,* 163 Kan. 111, 117, 180 P. 2d 278, 172 A. L. R. 259, 265, rule 8 was discussed and it was there stated that where hardship or disadvantage results from such failure this court will not hesitate to take such action as the circumstances warrant. We conclude the landowners were not so prejudiced by this failure of the commission. The motion to dismiss should be and is overruled.

We come now to the contentions raised by the commission upon which its specifications of error are based. Was there evidence to support the verdict? We think so. The testimony was highly conflicting because the landowners and their experts established much higher values on the land taken and the diminution in value of the land remaining than did the experts of the commission, but there was ample evidence to justify the jury's verdict and under our well-established rule, such a verdict will not be disturbed on appeal. (Hatcher's Kansas Digest, rev. ed., Appeal and Error, §§ 495, 496, pp. 199-201; 2 West's Kansas Digest, Appeal and Error, §§ 1001, 1002.)

In addition to the evidence adduced in the trial, the jury was sent to the premises and that viewing could be considered along with all other evidence in arriving at a verdict determining the amount of the landowners' damage. No interrogatories were sub-mitted to and no special findings were made by the jury and the jury's general verdict therefore resolved all controversial issues in favor of the prevailing parties. (*Fidelity Savings State Bank v. Grundeman*, 158 Kan. 656, 658, 149 P. 2d 340.) Under such cir-cumstances an appropriate rule is that a general verdict for dam-ages cannot be disturbed merely because a court cannot definitely ascertain the precise method by which a jury arrived at the amount of its verdict when the amount is reasonably within the range of the evidence. (*Will v. Hughes*, 172 Kan. 45, Syl. ¶ 6, 238 P. 2d 478.)

The next two errors complained of by the commission involve the admission of testimony of one of the landowners and the testimony of the landowners' experts as to value. It is argued that one of the landowners testified not only as to value but also as to improvements separately from the land. The first part of this complaint is an-swered by our rule of long standing—that an owner of property is competent to testify regarding the value thereof—cited recently in *Randle v. Kansas Turnpike Authority*, 181 Kan. 416, 420, 312 P. 2d 235; the second part is answered in the record where it is shown that the commission brought out the value of the improvements—separate and apart from the land—in its cross-examination of the landowner and it cannot now be heard to complain thereof. The commission had the right to so test the credibility of the testimony of Mrs. Taylor, or that of the landowners' expert witnesses.

Another objection to the landowners' expert witnesses was their cross-examination showed they were not qualified as experts to give their opinions as to values. The record does not substantiate this contention but on the contrary, shows them to be qualified to give opinion testimony regarding values.

Much is said in counsel's argument about an element in the testimony regarding fence. Again we have no special findings and are unable to determine what weight, if any, was given to this evidence by the jury.

The last contention regarding evidence is based on the fact that the court allowed a witness for the landowner to testify as to value

when that witness saw the property for the first time just before the trial commenced, which was some months after the date of the taking. Without reviewing all the testimony, the record shows that the landowner, Mrs. Taylor, was placed back on the stand and she testified that the property was the same on the date of taking and on the day the witness viewed it. The evidence was properly admitted and the weight it had was a question for the jury. (*Mai v. City of Garden City*, 177 Kan. 179, 183, 277 P. 2d 636.)

The commission complains that the notice of appeal included only block 41 but the landowners' evidence affected blocks 30 and 44 as well as block 41. The commission's application for a view of the premises by the jury, and the granting thereof by the trial court, cured this error, if any there was. Counsel for the commission in the application stated:

"Comes now the attorney for the State Highway Commission and moves the Court . . . since certain evidence has been entered into this case . . . I am asking the Court that if he will have the bailiff take and the sheriff take the jury to this property in question so they can get this matter straightened out and know what is taken and know the condition there. There has been a wide variance of testimony, and I would like to ask that the jury view this."

Apparently, this is what the jury did and we can find no basis for error in the result.

From the record before us the commission has not affirmatively shown that its rights were prejudicially affected in any manner that would justify reversing the judgment of the trial court based on the general verdict of the jury.

Judgment affirmed.

HALL, J., not participating.