No. 36,093

The Fidelity Savings State Bank, *Appellee,* v. Otto Grundeman and W. O. Grundeman, doing business as The Grundeman Construction Company, *Appellants.*

(149 P. 2d 340)

Opinion filed June 10, 1944.

*Albert M. Cole,* of Holton, was on the briefs for the appellants.

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan,* all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for conversion of personal property which had been mortgaged to plaintiff. Defendants appeal from an adverse judgment.

The gist of the petition was that on May 31, 1939, J. E. Kirkham and Anna L. Kirkham delivered to the plaintiff bank their promissory note for $2,500, to secure which they delivered a chattel mortgage on certain described concrete pipe; that the note had not been

paid and there was due on it a balance of more than $1,588.20; that on or about March 1, 1941, the defendants unlawfully took possession of a part of the property described in the chattel mortgage, and appropriated it to their own use; that the value of the property so taken was $1,588.20, for which the bank prayed judgment.

The defendants' answer alleged that on May 11, 1937, they entered into a joint venture or partnership contract with J. E. Kirkham for the manufacture of concrete pipe, a copy of the contract being attached and later referred to; that they had no information concerning the note and mortgage mentioned in the petition and if Kirkhams were indebted to the bank, the obligation was for the individual indebtedness of Kirkhams and not for the purpose of securing or furnishing funds for the operations of the joint venture or partnership; that defendants did not know whether the pipe described in the chattel mortgage was pipe belonging to the joint venture or partnership, and that the description was so vague and uncertain as to render the mortgage void; that defendants denied taking possession of or appropriating any pipe upon which plaintiff had any mortgage, and that if any pipe, upon which plaintiff had a mortgage, was manufactured by and belonging to the joint venture or partnership, then they denied that Kirkhams had any authority to mortgage the pipe to plaintiff.

The contract above mentioned is long. It was dated May 11, 1937, and recited it was made between Kirkham Concrete Products Company of Topeka and Grundeman Construction Company of Holton. It provided for the manufacture of pipe in Topeka, for contributions of each party, that the joint venture should be carried on under the name of Kirkham Concrete Products Company; that the joint venture account should be set up and operated on a 100 percent basis of which each party was the owner of 50 percent of all pipe made and sold, and that settlement should be made between the parties each calendar month.

At the trial there was evidence tending to show that J. E. Kirkham began business in 1932 under the name "Kirkham Concrete Products Company"; that he had been a customer of plaintiff bank since 1936 and had no other bank account; that he had sold the business in 1940, including the pipe plant, and the proceeds of sale were applied on his note; that business under the joint venture contract was commenced in May, 1937, and was terminated in De-

cember, 1938, at which time there was on hand some rejected pipe. In 1939 Grundemans took away equipment owned by them, and at a date not disclosed they moved pipe from the plant at Topeka to Holton. There was also evidence tending to show that after the joint venture terminated, Kirkham continued in 1938 and 1939 to make concrete pipe in Topeka. Without detailing it, there was evidence tending to show that defendants did not know Kirkham had borrowed money nor made the mortgage, also that if the bank had visited the plant, it would have discovered Grundemans' interest therein. There was also evidence that the value of the pipe removed by defendants to Holton was $1,588.20 and that it was worth only $469.20.

At the conclusion of the trial by the court without a jury, the court rendered judgment in favor of the bank and against the defendants for $505.20. Defendants' motion for a new trial was denied and they appeal to this court.

In this court the appellants present the question whether a partnership existed between Kirkham and the Grundemans, and if it did, may one partner execute a valid chattel mortgage on partnership property to secure an individual debt, and are appellants estopped to deny Kirkham's authority to execute such a mortgage. We note in general appellee's contention that under the contract Kirkham was held out as the owner and that Grundemans were silent or dormant partners, and that the chattel mortgage was taken under such circumstances that Grundemans may not now complain, as well also its contention that under the evidence it was entitled to judgment.

In our opinion it is not necessary that we discuss any question of partnership. The trial court was not requested to and did not make any findings of fact. However, the general judgment for the plaintiff necessarily includes a finding in its favor of any facts warranting the judgment. (*Greenwood v. Texas-Interstate P. L. Co.*, 143 Kan. 686, 689, 56 P. 2d 431.) There was evidence warranting findings of fact that notwithstanding a partnership may have existed, that under its terms each party was the owner of one-half of the pipe manufactured; that the partnership ceased its operations in 1938 and that thereafter Kirkham made pipe on his own behalf and before the note and chattel mortgage were executed and delivered to the bank; that the defendants took possession of some of that pipe and removed it to Holton; that the value of the

pipe was at least $469.20, or perhaps at most $1,588.20. We realize that there was evidence warranting a different conclusion, but the weight to be given the evidence was for the trial court. We are concerned only with whether there was evidence to support the judgment, and we find there was. In such case, we are not now concerned whether at one time a partnership existed, and what legal results follow from the execution of a chattel mortgage by one ostensibly acting in his individual capacity, but who actually has a silent or dormant partner.

The general rule is that in the absence of an affirmative showing of error affecting the result, the judgment must stand. (See *Hess v. Hartwig*, 89 Kan. 599, 132 Pac. 148.)

The record before us does not disclose any error requiring a reversal and the judgment of the trial court is affirmed.