No. 36,349

Joseph A. Stromquist, *Appellee*, v. H. C. Nelson, *Appellant*.

(158 P. 2d 458)

Opinion
filed May 5, 1945.

*Archie T. MacDonald*, of McPherson, argued the cause, and *Russ B. Anderson*, of McPherson, was on the briefs for the appellant.

*John P. Flinn*, of Newton, argued the cause, and *James L. Galle*, of McPherson, and *Ezra Branine, Alden E. Branine* and *Fred Ice*, all of Newton, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for termination of a lease, for possession of the leased real estate and for damages. Judgment was rendered in favor of plaintiff and defendant appeals.

Omitting reference to formal allegations and those not presently of importance, it was alleged in the petition that plaintiff was the owner of certain real estate known as the South End Cabins, including a filling station, and that he entered into a written contract leasing the real estate to defendant for a term of two years from October 1, 1943, with the option and privilege of terminating and canceling the lease on October 1, 1944. A copy of the lease was made part of the petition.

Reference to the lease shows plaintiff as party of the first part and defendant as party of the second part, and a statement the leased real estate was subject to a mortgage in favor of the second party in the principal sum of $3,400. The date of the mortgage or its due date was not stated. The present controversy arose from a paragraph of the lease which recited:

"It being understood and agreed mutually that the first party has the option to cancel said lease at the termination of the first year thereof, that is on October, 1, 1944, in the following manner: by giving to the second Party notice in writing on or before the 1st day of August, 1944, of his intention to take possession of said property himself on October 1, 1944, and in addition thereto by placing in escrow, with an escrow agent to be agreed upon between the parties, sufficient money to pay the note and mortgage due the second party by the first Party together with all accrued interest thereon, with the understanding that said escrow money shall be paid to the Second Party on the 1st day of October, 1944, or prior to said date."

It was further alleged in the petition that pursuant to the above provision plaintiff notified defendant on or before August 1, 1944, of his intention to take possession of the real estate on October 1, 1944, and arranged with the McPherson & Citizens State Bank (hereafter called Citizens Bank) to have the necessary funds to pay off defendant's note and mortgage, which was to be paid on October 1, 1944; that in addition plaintiff notified defendant that money sufficient to pay defendant's mortgage was in the bank and would be payable to defendant on October 1, 1944, and arrangements made for said money on July 24, 1944, according to "'Exhibit C" attached. This exhibit is a letter from the Citizens Bank to plaintiff, dated July 24, 1944, advising him that it would make a loan of $2,500 on the real estate, and

as soon as the abstract had been examined and approved the loan would be completed. On this letter plaintiff had added a statement he guaranteed payment of the additional $900 on or before October 1, 1944. It was further alleged in the petition the money was placed in the bank and that plaintiff notified defendant to call at the bank for said sum; that about October 4, 1944, defendant called at the bank and accepted the sum of $3,400, the amount due on the mortgage, and was also paid interest in full. There were also allegations that defendant refused to surrender possession and still held the same, and that such withholding damaged plaintiff. As these latter matters are not involved in the appeal they will not be noticed further. Plaintiff's prayer was for possession, for damages, and for an accounting.

Defendant demurred to the above petition on the ground it did not state facts sufficient to constitute a cause of action. This demurrer was overruled and defendant then answered with a general denial, an admission of execution of the lease and that defendant had accepted the sum of $3,400, and an allegation that the $3,400 required to pay his note and mortgage "was not deposited in escrow as required by the lease contract between the parties on or before August 1, 1944."

Plaintiff filed a reply stating in substance that defendant's refusal to deliver the abstract of the title demanded by plaintiff delayed completion of his loan and he was not able to put all money in escrow in the Citizens Bank by August 1, 1944; that by reason of defendant's refusal to deliver the abstract of title, plaintiff, through no fault of his own, was delayed in placing the money in escrow and defendant, by his actions, had waived the matter of time and plaintiff had substantially complied with the contract.

A jury was waived and trial was by the court. At the trial, defendant moved for judgment on the pleadings and the opening statement of plaintiff. This motion was denied. At the conclusion of plaintiff's evidence, defendant demurred for the specific reason the evidence showed the $3,400 required to pay the plaintiff's mortgage to the defendant was not deposited in escrow. This demurrer was overruled. Defendant then offered his evidence. Thereafter the court without making any specific findings of fact found generally in favor of plaintiff for possession of the property and ordered an accounting of rents and profits received from the filling station and property after October 1, 1944. Other portions of the judgment are not of present importance.

Defendant's motion for a new trial set forth only three grounds. (1) Abuse of discretion; (2) Erroneous rulings; (3) The judgment was contrary to the evidence. This motion was denied and defendant perfected his appeal.

Appellant's specifications of error are that the trial court erred in ruling on the demurrer to the petition, on the motion for judgment on the pleadings and opening statement, on the demurrer to plaintiff's evidence, on the motion for a new trial, and in rendering judgment for plaintiff. In his brief, appellant states that the questions involved on the appeal are whether plaintiff properly exercised his option to terminate the lease agreement, and did defendant waive the provision of the option requiring deposit of $3,400 in escrow by August 1, 1944.

The primary contention here involved grows out of different constructions placed on the paragraph of the lease quoted above providing for termination of the term at the end of the first year. Appellant contends that under the provisions it was incumbent on appellee not only to serve notice of intention to terminate on or before August 1, 1944, but that he also make deposit of the $3,400 in escrow on or before that date. Ignoring inconsistence of position taken by himself at various times, appellee contends that the provision did not require the escrow to be made before October 1, 1944. Before taking up the question of a proper construction of the paragraph in question we shall dispose of certain specific rulings of which complaint is made.

Assuming for present purposes that appellant is correct in his construction of the quoted paragraph, it is noted that the allegations of the petition were not subjected to any motion to make definite and certain and are entitled to a liberal interpretation. The allegations are that appellee gave appellant written notice on or before August 1, 1944, of his intention to take possession of the real estate on October 1, 1944, and in addition did notify appellant that money sufficient to pay the mortgage was in the bank and would be payable on October 1, 1944. There was no specific allegation when the deposit in escrow was made, if ever. The allegations continue that appellee notified appellant and that about October 4, 1944, appellant called at the bank and accepted the money. Under the facts as pleaded, the trial court did not err in ruling on the demurrer to the petition.

Appellee's opening statement need not be set out or fully reviewed

here. It went into some detail about delay occasioned by appellant's refusal to deliver the abstract of title, but that there was substantial compliance by appellee with the terms of the contract. There was no statement or admission which precluded recovery by the plaintiff appellee. The motion for judgment on the pleadings and opening statement was subject to the test laid down in *Ryan v. Ryan*, 156 Kan. 348, syl. ¶ 1, 133 P. 2d 119, viz:

"For the purposes of a motion for judgment on the pleadings and on the plaintiff's opening statement, the allegations of the petition must be taken as true, and denials and defenses alleged in the answer must be disregarded, and the motion should not be allowed unless the petition does not state a cause of action, or as part of the opening statement there are statements of fact or admissions which preclude a recovery by the plaintiff and compel a judgment for the defendant."

Under that test, the ruling of the trial court was not erroneous.

Taking up the demurrer to the evidence, we note that the abstract contains no statement that there was no testimony on any particular point as permitted by rule 5. Appellee states in his brief the abstract is not full and complete, but is sufficient to show no material errors were committed by the trial court. Without reviewing the testimony as abstracted, it may be said that generally it covered some matters not in dispute, plaintiff appellee's efforts to get the abstract of title kept by the defendant appellant in the Peoples Bank; that appellee completed a loan through the Citizens Bank; that appellant was notified by appellee about September 1, 1944, appellee had the money to pay appellant; that appellee made a check for $3,400 on September 28, 1944, and left it at the bank and notified appellant or his attorney and the check was paid to appellant on October 4, 1944. In view of the state of the record as abstracted, and also in view of appellee's pleading in reply that appellant by his conduct had waived any question concerning escrow, a matter later discussed, we think the trial court did not err in ruling on the demurrer to the evidence.

Passing any question there may be about the sufficiency of the specification of error to present it (see, e. g., *Gale v. Fruehauf Trailer Co.*, 158 Kan. 30, 33, 145 P. 2d 125, and *Marion County Comm's. v. Clark*, 157 Kan. 132, 134, 138 P. 2d 449, and cases cited) we take up whether the trial court erred in rendering judgment for appellee. It may be noted the trial court found generally in favor of appellee. In such case the presumption is that the trial court found all facts

necessary to sustain its judgment, and that the burden is on the appellant, seeking to review any question depending on evidence to produce an abstract showing evidence to establish his position, and to make it appear affirmatively the trial court erred. (See late cases: *Fidelity Savings State Bank v. Grundeman,* 158 Kan.. 656, 658, 149 P. 2d 340; *Barker v. Chicago, R. I. & P. Rly. Co.,* 158 Kan. 549, 551, 148 P. 2d 493.) What has been said about the abstract in the present appeal need not be repeated. In the appellant's brief there is no contention that the judgment is not supported by the evidence. The contention the trial court erred seems to be predicated more on the proposition the contract provided that in order for the term of the lease to be reduced to one year or to October 1, 1944, the appellee must on or before August 1, 1944, have done two things—first have given notice of his intention, and second have placed in escrow the $3,400 necessary to pay the note and mortgage, and that appellee did not do the latter and appellant did not waive his failure. Although the lease contract provided for an escrow agent to be agreed upon between the parties, there is nothing in the record to show that any agreement was ever made or attempted to be made, or that the matter was ever mentioned unless it was about September 28, 1944, when appellee left his check to appellant at the Citizens Bank and told appellant or his attorney it was there. As abstracted, the evidence shows that appellee about July 24 asked appellant for the abstract of title and that appellant said he would get it. Appellee knew appellant did business at the Peoples Bank but he did not go there for the abstract of title. The appellant testified he said he would get the abstract and leave it with Mr. Sargent at the Peoples Bank. He did so and saw the abstract on Sargent's desk several times; that he "wasn't supposed to turn the abstract over to Joe" (appellee). Sargent testified appellant got the abstract of title out of his lockbox on July 19 and it was in Sargent's hands from then on. The abstract of the record does not disclose how the abstract of title ever reached appellee or the Citizens Bank which made the loan to appellee. Although the abstract discloses that appellee told appellant on September 1, 1944, he had the money to pay off his mortgage, there is no showing of what transpired, whether appellant agreed, objected, kept silent or what. It is shown that later a check was drawn by appellee to appellant and that, in some manner not disclosed by the abstract, appellant got the check and cashed it. After calling attention to what constitutes

an escrow and to authorities pertaining to forfeitures and that they are not favored in law and may only be enforced by one who complies strictly with conditions authorizing their enforcement, appellant directs our attention to *Mosher v. Kansas Coöp. Wheat Mkt. Ass'n.*, 136 Kan. 269, 15 P. 2d 421, special emphasis being placed on language found on page 276 that an option to terminate a contract is in the nature of a forfeiture and will be strictly construed, and that a notice to terminate, to be effective, must be given at the stipulated time. There is no doubt the above correctly states the law, in fact appellee does not contend otherwise. Appellee's contention is that the notice was timely given but that the contract did not require deposit in escrow of $3,400 before August 1, 1944. With that construction we do not agree. As we construe the contract, both notice and deposit in escrow were required prior to August 1, 1944. But the fact the escrow was not so made is not the end of the matter. A review of the pleadings shows that appellee had pleaded payment of the $3,400; that appellant had admitted the payment, but alleged it had not been placed in escrow before August 1, 1944, and that plaintiff had replied he was delayed through fault of the appellant in refusing to deliver the abstract of title; that defendant by his acts had waived the matter of time and that appellee had substantially performed the contract. While the evidence as abstracted does not show much that warrants any conclusion appellant refused to turn over the abstract of title, it does disclose that at some time it was turned over, appellee got his loan, raised his $3,400, notified appellant he had the money to pay the mortgage, and later drew his check and left it at the bank and notified appellant. If at any stage of these events, appellant ever objected that appellee was too late, the abstract does not disclose it. It is clearly disclosed, however, that although appellee was late in performance, appellant at a time when he could not have been unaware of appellee's default received the check and cashed it. Appellant attempts to avoid the effect of his acceptance of the money by stating the note and mortgage were due October 1, 1944, and that he did nothing he was not entitled to do under the contract or under the note and mortgage. The statement about the note and mortgage being due is gratuitous—there is nothing in the abstract as to when the note was due. The record as abstracted discloses that appellant at all times knew that, although notice to terminate the lease had been served upon him, no escrow agent had been agreed upon

and no deposit in escrow had been made on or before August 1, 1944, as required by the lease contract. On August 2, 1944, he knew that appellee had not taken proper steps to terminate the lease and his right of possession thereunder on October 1, 1944. In other words, he knew what his rights were. Notwithstanding, he accepted payment of the note and mortgage. We need not stop to inquire whether his conduct warrants a conclusion he waived strict performance or a conclusion that upon the whole course of dealings he is estopped to insist on strict performance. Appellant has not made it appear that the judgment of the trial court was erroneous.

No separate argument is made concerning the ruling denying the motion for a new trial. In view of what has been said, we need not say more than that there was no error in the ruling.

The judgment of the trial court is affirmed.