All the Justices concurring.

---

THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY V. EMIL WERNER.

No. 13,792.   (78 Pac. 410.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*New Trial—Erroneous' Instruction Waived.* An erroneous instruction is "an error of law occurring at the trial," and, under the code, such an instruction, without objection or exception, is not a ground for a new trial.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed November 5, 1904. Reversed.

*W. F. Evans,* and *L. F. Parker,* for plaintiff in error.
*Smyth & Helm,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: An action was brought by Emil Werner against the St. Louis & San Francisco Railroad Company to recover damages for an alleged diminution in the value of his property, caused by the construction of a railroad on a city street in front of the property. The railroad company answered that the building of the road in the street was legally and properly done, and that it did not interfere with ingress to, or egress from, the property, and occasioned the

Railroad Co. v. Werner.

plaintiff no injury.   A trial was had, in which the court charged the jury as to the measure of recovery, and, among other things, suggested that if the value of the property was enhanced by the building of the railroad, the increased value might be set off against any injury sustained by reason of the obstruction to the entrance to the property   The jury found that the value of the property was not affected by the building of the railroad, and a general verdict was given in favor of the defendant.

Plaintiff moved for a new trial, assigning all the statutory grounds, including the one last mentioned in section 306 of the code (Gen. Stat. 1901, § 4754), to wit : "Error of law occurring at the trial, and excepted to by the party making the application."   The motion was overruled as to all the grounds stated, but because of the instruction authorizing the jury to counterbalance damages suffered with benefits received the court granted a new trial.   In disposing of the motion the trial court remarked that there was evidence in the case justifying the giving of the instruction, if it had been a correct statement of the law, but held that the instruction was not a correct declaration of the law, and granted a new trial for that reason alone.

It appears from the record, however, that the instruction in question, as well as the entire charge, was given to the jury without objection or exception. Can a party sit by and listen to the giving of an instruction without objection or exception, and, after the case has been fully submitted and an adverse verdict returned, obtain a new trial because of the giving of such instruction ?   We think not.   A new trial may be allowed only on the grounds specified in the statutes.   The giving of an erroneous instruction is

an error of law occurring at the trial; but such error gives no ground for setting aside a verdict unless an exception has been taken to the giving of it. The grounds for a new trial provided for in the code are specific and exclusive. The only ground having any application to the question before us is the eighth one mentioned in section 306 of the code, to wit: "Error of law occurring at the trial, and excepted to by the party making the application." To make such an error available there must be an exception. It has been said that "a party has no abstract, inherent right to a new trial. He has a right because and so far only as the statute gives it to him. . . . If he fails to pursue this mode he loses the benefit of any errors on the trial, and is concluded as to all matters occurring at the trial." (*Nesbit v. Hines*, 17 Kan. 316.)

It was held in *Sovereign Camp v. Thiebaud*, 65 Kan. 332, 69 Pac. 348, that a trial court cannot set aside a verdict and grant a new trial arbitrarily and without reason; and, it may be added, it can never be done except for a statutory reason. In *Publishing House v. Heyl*, 61 Kan. 634, 60 Pac. 317, it was held that statutory remedies and methods supersede previously existing ones, and, the legislature having provided a method for obtaining a new trial, a party desiring one must conform to the prescribed requirements. Since the plaintiff took no exception to the instruction given, he is deemed to have acquiesced in it; and, assuming that it was erroneous, the lack of exception made the error unavailable and afforded no ground for setting aside the verdict and granting a new trial. (*Darrance v. Preston*, 18 Iowa, 396; *Valerius v. Richard*, 57 Minn. 443, 59 N. W. 534; Hayne, New Trial & App. §§ 7, 127.)

To overcome this omission plaintiff calls attention

to a recital in the case-made that it contains all the pleadings and proceedings, "together with all the instructions given by the court and the objections made by either party, together with all rulings of the court and all papers filed in said case necessary to present the question raised and enable the supreme court to pass upon one question raised in the record, to wit: The giving by the court of the instruction complained of by the plaintiff, and for the giving of which a new trial was granted." The recital does not affect the question under consideration. The question whether the giving of the instruction was a ground for a new trial is presented, and, assuming that the record contains all that it is said to contain, the question remains: Did the giving of an erroneous instruction, without objection or exception, warrant the granting of a new trial? We think not; and, therefore, the order granting a new trial must be reversed, and the cause remanded with instructions to enter judgment for the plaintiff in error.

All the Justices concurring.