**ALCARO et al. v. JEAN JORDEAU, Inc.**
**Civil Action No. C–1855.**

District Court, D. New Jersey.

Dec. 1, 1942.

David H. Schantz, of Camden, N. J. (Joseph G. Feldman, of Philadelphia, Pa., of counsel), for the motion.

Carroll & Taylor, of Camden, N. J., for defendant, opposed.

AVIS, District Judge.

This case was tried on June 15 and 16, 1942, and a verdict rendered by the jury for the defendant. On June 23, 1942, a motion for a new trial was filed. This motion is based upon five different reasons, the first four being the ordinary reasons under the old practice and the fifth reason reading "And such other reasons as will be found upon the typing of the notes of testimony."

The notice provided for a hearing for July 17, 1942. Prior to that date, on July 16, 1942, the moving party filed additional reasons setting out claims that the Court had neglected to charge the law as legally required. Later counsel for defendant moved to strike the motion for a new trial because it did not comply in writing with Rule 59(b) and with Rule 7(b) (1), 28 U.S.C.A. following section 723c. The first Rule provides that the action shall be taken by motion and the latter Rule that it "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

As I recall this situation, it took some time for plaintiffs' attorney to obtain the copy of the charge, and the motion to strike the motion for a new trial will be denied, especially in view of the fact that the charge of the Court was referred to in the original motion.

The question stated in the brief of plaintiffs' attorney is: "Did the Honorable Trial Judge err in his charge on the question of contributory negligence?"

That is the only item involved, although counsel refers to many parts of the charge.

The items of the charge, to which exception is taken, as set forth in "Motion and Additional Reasons for New Trial" filed, reads as follows:

"6. The Court erred in charging the Jury as follows:

" 'Now, if you find that there was negligence on the part of the defendant in marketing this product and that was the proximate, primarily at least the proximate cause of the injuries sustained by the plain-

tiff, you will then go to the question, as is alleged by the defendant in their answer, that whatever they might have done, even if they happened to be negligent, was not the cause of the injuries sustained by the girl; but that it was her contributory negligence, her carelessness in some way, in handling the product which she had in hand which she was trying to use that caused the accident, because in cases of this character she is charged with just the same burden that a defendant is, to the extent that she must not contribute by her own act to the cause of the injury.

" 'So you will consider that question of contributory negligence, and the plaintiff can not recover, even though the defendant was guilty of negligence, if you say that actually the probable cause of it was the manner in which the plaintiff handled the remedy and the circumstances under which it occurred. If she did it by her own negligence, then, of course, she cannot recover.

" 'In civil cases of this character, the burden is upon the plaintiff to convince you by a preponderance of the testimony, the weight of the testimony, of the claim which the plaintiff made over and above that of the defendant. Of course, the defendant produced no testimony here and yet the preponderance goes to the question of negligence and also contributory negligence from the statement made by the plaintiff herself. So you must be satisfied that the weight of the evidence in your mind is sufficient to convince you that the plaintiff's statement is correct, and that the probable fact produced by the testimony as applicable under the law, is such as to satisfy your minds of the right to recovery.' "

No exception is taken to any part of the charge affecting this phase of the case except:

"Mr. Feldman: May I ask an exception to that portion of your charge regarding the contributory negligence? There were two places you mentioned, and I would like an exception.

"The Court: My general charges, whatever they were as to contributory negligence, you want an exception to?

"Mr. Feldman: Yes.

"The Court: All right. An exception may be entered on the record."

■ No specific part of the charge was called to the Court's attention, except as a "general charge". I am not sure that it would have been changed if counsel had designated just what language I had used that was determined by him to be improper—I might have—but this exception did not in any way comply with the provisions of Rule 51 of Federal Rules of Civil Procedure, wherein it is said: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." In that same Rule full provision is made to submit requests to charge, and no such requests were handed to the Court.

■ I have grave doubts that anything in my charge was not in accordance with the procedural law. I do not understand the law to be that the defendant, who must set forth affirmatively the defense of contributory negligence (Rule 8(c), is required to offer proof by evidence to establish that fact. He is required to satisfy the jury before he can recover under that legal principle. That appears to be the law in New Jersey.

See Smith v. Atlantic City R. Co., 66 N.J.L. 307, 49 A. 547; Poling v. Melee, 115 N.J.L. 191, 178 A. 737; Keller v. Brooklyn Bus Corporation, 2 Cir., 128 F.2d 510.

■ I am satisfied that the charge did not mislead the jury; that if there was any error it was harmless, and under Rule 61 it is provided generally that a new trial should not be granted "unless refusal to take such action appears to the court inconsistent with substantial justice." If there was error, it did not affect the substantial rights of the plaintiffs. The argument of plaintiffs' attorney as to the use of the word "burden" is not to be construed as contended by him.

Order denying new trial will be made.