Charles W. GRIMM, Appellant,

v.

**CALIFORNIA SPRAY–CHEMICAL COR-PORATION, Appellee.**

No. 16091.

United States Court of Appeals
Ninth Circuit.

March 10, 1959.

Conron, Heard & James, Wayne M. Hamilton, Bakersfield, Cal., for appellant.

Wild, Christensen, Barnard & Wild, Robert M. Barnard, Fresno, Cal., for appellee.

Before HEALY and ORR, Senior Circuit Judges, and HAMLEY, Circuit Judge.

HEALY, Senior Circuit Judge.

This case is here on appeal from an order of the district court granting a new trial. The question presented is whether or not the order is appealable.

Appellant Grimm brought suit against appellee California Spray-Chemical Corporation for damages for breach of warranty of fitness of certain agricultural chemicals sold to him for spraying a peach orchard.[1] The orchard was dam-

1. Originally the case was brought in the Superior Court of Kern County, California, but was subsequently removed to the United States District Court on diversity grounds.

aged or destroyed, allegedly by application of the chemicals. The case was tried to a jury, the sole issues submitted being (1) whether the spray was the cause of the damages and (2) if so, what was the nature and extent thereof. After lengthy deliberation the jury brought in a verdict for appellant in the sum of $4,750.

Eight days after the entry of the judgment appellant moved the court for an order vacating and setting aside that portion of the verdict and judgment wherein the jury fixed and assessed his damages in the sum aforesaid. He moved further for an order granting a new trial on the sole and exclusive issue of the asserted inadequacy of the damages awarded, the motion being predicated on the following grounds: (1) inadequate damages appearing to have been given under the influence of passion or prejudice; and (2) insufficiency of the evidence to justify the portion of the verdict fixing his damages. On the tenth day appellee, also, moved for a new trial, but on the grounds of exclusion of evidence, invalidity of the verdict in that it was arrived at by compromise, and newly discovered evidence. The latter ground was supported by affidavit.

It appears from the statements of the trial judge that, after submission, the jury had deliberated over a period of thirteen and one-half hours before reaching a verdict. Approximately 45 minutes prior to the return thereof several of the members of the jury had stated in response to inquiries of the judge that they were hopelessly deadlocked and that further deliberation would be fruitless. They were asked, however, to continue deliberations and to reach a verdict if that could be done without surrender of honest convictions.

Twenty-seven days after entry of the judgment [being seventeen days beyond the period prescribed by Fed.Rules Civ. Proc., Rule 59(b), 28 U.S.C.A., for the granting of a new trial on the court's own initiative] the trial judge announced that he had reviewed the record in the case and was satisfied from the undisputed evidence that the plaintiff had suffered minimum damages in the sum of $9,919; hence the verdict of $4,750 was inadequate and indicated arbitrary and reckless disregard of the evidence. He announced that a new trial should not be limited to the issue of damages only, as plaintiff prayed, but should be had on both of the issues that had been submitted to the jury. "In my view of the evidence," he said, "the causation of the damages was a difficult and close issue for the jury to decide." He observed that it was the court's duty to see that both parties to the litigation have a fair and impartial trial and that a new trial must be granted on the two issues which had been submitted to the jury. An order was accordingly entered setting aside the verdict of the jury, denying the motions of both parties for a new trial, and granting a new trial on the issues both of causation, or liability, and on the issue of damages.

■■■■ Appellant contends that the trial court exceeded its jurisdiction since, as regards the issue of liability, it acted on its own motion and beyond the time limit prescribed by Rule 59(b). We think the case is not so readily disposed of. Here the issues are interwoven to the extent that a retrial of the damage issue alone would be grossly unfair to appellee.[2] As already indicated, the trial court in substance expressed the view that the verdict of the jury represented a decision on the question of liability no more than it did on the question of damages. In the circumstances the judge was doubtless persuaded that he must either deny the relief asked by appellant or order a new trial on the issues both of liability and of damages. In this unusual posture of affairs we are satisfied that the court did not exceed its jurisdiction in granting a new trial on both issues. Its order, we think, was inter-

2. Consult in this connection the interesting and informative case of Hamasaki v. Flo-tho, 39 Cal.2d 602, at page 608 et seq., 248 P.2d 910.

locutory, hence not appealable, and this court may not review such order. Consult Moore's Federal Practice, § 59.15 [1] and [2].

Affirmed.