Duane COOPER, Doing Business as Hutchinson Farm Hatchery, Appellant,

v.

MIDWEST FEED PRODUCTS COMPANY, Appellee.

No. 16249.

United States Court of Appeals Eighth Circuit.

Nov. 4, 1959.

178

Martin J. Purcell, Kansas City, Mo. (Clark Kuppinger and Morrison, Hecker, Buck & Cozad, Kansas City, Mo. were with him on the brief), for appellant.

Robert L. Jackson, Kansas City, Mo., for appellee.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

Appellant brought this action against appellee to recover damages for breach of warranty in the sale of pulverized yellow corn. It was alleged in appellant's amended complaint that there was both an express and an implied warranty, that the pulverized yellow corn was "cool and sweet" and fit for the purpose for which it was purchased, to-wit: chicken feed. The answer admitted the sale but denied the existence of an implied warranty. The case was tried to a jury and resulted in a verdict for $6,000.00 in plaintiff's favor. The court in due course, on November 25, 1958, entered judgment pursuant to the verdict. Thereafter, on December 5, 1958, defendant moved for judgment notwithstanding the verdict, or in the alternative for a new trial. On this motion defendant charged inter alia:

"That the court erroneously instructed the jury that the plaintiff was entitled to rely on an implied warranty of fitness for the particular purpose intended for the corn."

On April 1, 1959, the court denied the motion for judgment notwithstanding the verdict but granted the alternative motion for a new trial.

On this appeal plaintiff seeks reversal on substantially the following grounds: (1) That the order granting the new trial is reviewable by this court since it involves a question as to the court's jurisdiction to enter such order, and (2) that the trial court under the provisions of Rule 59(d) of the Federal Rules of Civil Procedure was without jurisdiction to grant a new trial more than four months after the entry of judgment on grounds supplied of its own initiative.

■ The sole question presented on this appeal is whether or not the court had jurisdiction to enter the order granting a new trial which is appealed from. Generally speaking, an order granting or denying a motion for new trial is interlocutory and not reviewable except for a clear abuse of judicial discretion. Altrichter v. Shell Oil Company, 8 Cir., 263 F.2d 377; Anderson v. Federal Cartridge

Corp., 8 Cir., 156 F.2d 681. Where, however, the jurisdiction of the court to enter such order is involved, the order is reviewable. City of Manning v. German Insurance Company, 8 Cir., 107 F. 52, 54; Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013. The applicable rule is announced by this court in City of Manning v. German Insurance Company, supra, as follows:

"An order granting a new trial in an action sets aside and renders void any former judgment therein. Rev.St. § 987 [Fed.Rules Civ.Proc. rules 59, 62, 28 U.S.C.A.]. An order granting or refusing a new trial, which the court has the jurisdiction or power to make, is discretionary, and cannot be reviewed by writ of error or appeal in the federal courts. * * * But the question whether or not the court had the jurisdiction or power to make an order granting or refusing a new trial and avoiding a former judgment is always reviewable in the federal courts by a writ of error or an appeal challenging the order, because it goes to the effect and finality of the judgment itself. Phillips v. Negley, 117 U.S. 665, 671, 675, 678, 6 S.Ct. 901, 29 L.Ed. 1013."

■ We are of the view that the order appealed from in the instant case is reviewable.

It is urged by plaintiff that the court lacked jurisdiction to enter the order granting a new trial because the order is not based upon any ground stated in the motion for judgment notwithstanding the verdict, or in the alternative for a new trial, and hence, was entered on its own initiative, in violation of Rule 59(d) Federal Rules of Civil Procedure, Title 28 U.S.C.A., which provides:

"(d) On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

The printed record is far from satisfactory. It does not contain a copy of the court's instructions, nor does it contain copy of the motions made for a directed verdict or for a dismissal of the cause.

■■ The court granted a new trial because of error in the giving of, or failure to give, certain instructions. It is, of course, incumbent upon an appellant to show affirmatively by the record the alleged error relied upon and on appeal all intendments are indulged in favor of the validity of the order or judgment appealed from. It is conceded that the court had jurisdiction to pass upon the motion for judgment notwithstanding the verdict, but it is contended that the court was without jurisdiction to pass upon the alternative motion to grant a new trial because more than ten days had expired after the entry of judgment, and hence, it is argued, the court entered the order on its own initiative. Confessedly, if the motion raised the question on which the court granted the new trial, Rule 59(d) is not applicable.

In the instant case, as has been observed, the court was of the view that its instructions with reference to the right to recover on an implied warranty were erroneous, or at least insufficient. On new trial this error could readily be corrected.

■ Rule 59(d) may be invoked only in the event the court, after the expiration of ten days from the entry of judgment, on its own initiative grants a new trial. In this case defendant in its motion charged error in the instructions with reference to implied warranty. That was the ground on which the court granted a new trial and hence, the order was not entered on the court's own initiative. As the court had jurisdiction to enter the order, it had jurisdiction to enter a correct or an erroneous order. We express no opinion as to the correctness of the order further than to say that it was certainly not entered in clear abuse of the court's discretion.

We conclude that the court had jurisdiction to enter the order appealed from and it is therefore affirmed and the cause is remanded to the trial court for further proceedings.