**GENERAL MOTORS CORPORATION,**
**Petitioner,**

**v.**

**Honorable Joseph Samuel PERRY, United States District Judge, Respondent.**

**No. 13540.**

United States Court of Appeals
Seventh Circuit.

April 23, 1962.

Rehearing Denied June 21, 1962.

George N. Hibben, Chicago, Ill., Arthur Raisch, Detroit, Mich., for petitioner.

Warren C. Horton, Chicago, Ill., for respondent.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a petition by General Motors Corporation for a Writ of Mandamus, or for Writ of Certiorari, or Both,[1] arising from Howe v. General Motors Corporation, No. 54C1893, pending in the District Court. A rule to show cause issued from this court [2] and respondent

1. 28 U.S.C. § 1651; 7 Cir.R. 19, 28 U.S.C.

2. 7 Cir.R. 19.

answered, presenting the issues before us.

The Howe suit was filed in December 1954, charging patent infringement.[3] The first trial of eleven days resulted in a jury disagreement in May 1960. In September 1960 General Motors' motion for directed verdict in that trial was denied. The case was reassigned to respondent and the second trial, pertinent here, began in March 1961 and lasted three weeks. At the close of the evidence, General Motors' motion for directed verdict was taken under advisement. The jury's sealed verdict of April 10 found General Motors not guilty, and judgment was entered on the verdict May 1, 1961. Respondent granted plaintiff a new trial September 20, 1961. October 3, he denied General Motors leave to file a memorandum in support of its motion for directed verdict, and denied its motion for judgment in accordance with its motion for directed verdict.

■ The first question is whether the Certiorari should be granted on the ground that respondent exceeded his jurisdiction by granting a new trial September 20, 1961, more than ten days following judgment, in violation of Fed. R.Civ.P. rule 59(d), 28 U.S.C.A.

General Motors contends that the ground of granting the new trial was initiated by the judge and not asserted in the motion. If this is so, Fed.R.Civ. P. rule 59(d) requires the ruling within ten days of the judgment. Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, 615 (1952) cert. denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710 (1953). Respondent's answer to the rule to show cause is that the new trial was granted on a ground in the motion for new trial. Unless the ground can fairly be said to be in the motion for new trial, the rule

in the Kanatser case supports General Motors' contention.[4]

We agree with respondent. In the motion, Ground "2" was directed at the "confusion" of "issues" by presentation of irrelevant evidence, and "gross duplication" of pertinent evidence; Ground "4" asserts that presentation of evidence misled the jury as to the meaning of the patent in suit; Grounds "15" and "16", respectively, claimed error in the admission of evidence of a 1925 Oakland automobile and a 1918 Chevrolet with no notice of defenses concerning the exhibits; and Ground "17" assigned error in admission of "full size door models" made for purposes of the suit.

The pertinent part of the order granting the new trial is, "After a careful review of the record and of the proceedings had at the jury trial of this cause, and having given due consideration also to the complicated nature of the issues and evidentiary material presented to the jury, this court feels constrained to grant plaintiff's motion."

One of the reasons stated by respondent at the trial for his ruling was " * * * I * * * thought that the tremendous amount, tremendous amount, of demonstrative evidence that was presented by the defendant, the innumerable doors that were brought in, the excessive amount of evidence, did unduly influence the jury * * *." We think this reason was not initiated by respondent in violation of Fed.R.Civ.P. rule 59(d), but was presented in the motion for new trial. That is sufficient for our conclusion that respondent did not exceed his jurisdiction by ruling on the motion more than ten days after judgment. Cooper v. Midwest Feed Products Co., 8 Cir., 271 F.2d 177, 179 (1959). The petition for Writ of Certiorari seeking to expunge the new trial ordered and to reinstate the judgment must be denied.

3. General Motors asserted, among other defenses, laches and estoppel. These two equitable defenses were tried separately and were determined in October 1958 against General Motors. 167 F.Supp. 330.

4. It is only where the court on its own initiative grants a new trial under Fed. R.Civ.P. rule 59(d) that the order "shall" specify the grounds for the ruling.

The next question is whether a Writ of Mandamus should issue on the claim that respondent abused his discretion in concluding that General Motors' motion for directed verdict of April 1961 was moot, and in denying General Motors leave to file a memorandum in support of its September 29, 1961 motion or to grant it a hearing.

General Motors cites Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940); Tribble v. Bruin, 4 Cir., 279 F.2d 424 (1960); and Thurber Corp. v. Fairchild Motor Corp., 5 Cir., 269 F.2d 841 (1959) in support of its contention that respondent erred in concluding that the motion for directed verdict was moot because of the verdict in General Motors' favor and the granting of the new trial. We need not consider this contention because although respondent made a statement to that effect September 29, he ruled on the motion October 3, presumably changing his mind as to the mootness.

General Motors' motion for directed verdict, filed originally in April 1961, was in writing, "in form of a brief," twelve pages long, presenting facts, arguments and authorities. The new trial was granted September 20, 1961, after full argument July 29 by both sides on Howe's motion. September 29 General Motors made its motion for judgment in accordance with its motion for directed verdict. October 3, 1961, respondent entered the order denying General Motors leave to file a memorandum in support of its motion and denying the motion.

We see no abuse of discretion in the order of October 3, 1961. There was pending the memorandum filed in April in support of the motion upon which General Motors' motion of September 29 was based. In the absence of a clear showing to the contrary, we presume that respondent considered the original motion and supporting memorandum with its facts, arguments and authorities. He stated that he spent "hours and hours" on the briefs in the case. Fed.R.Civ.P. rule 59(d) did not require that respondent permit the filing of a written memorandum and his decision was within his discretion. And the rule did not require that respondent grant a hearing in the form of oral argument. This request was also addressed to the sound discretion of respondent.

General Motors had the burden of showing in this court a clear right to the Writ, and if respondent exercised judgment on reasons based on what was properly before him, we are not to say that he abused his discretion. Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Chemetron Corp. v. Perry, 7 Cir., 295 F.2d 703 (1961). We conclude that respondent made his ruling on grounds in the motion for new trial, that General Motors has not shown a clear right to the Writ of Mandamus prayed, and that the Writ must be denied.

For the reasons given, the petition for Writ of Mandamus or, in the alternative, for Writ of Certiorari, or Both, is denied.