Agnes L. MEYER, Plaintiff and Respondent,

v.

Donald K. ROBB and Dealers Manufacturing Company, a foreign corporation, Defendants and Appellants.

No. 8255.

Supreme Court of North Dakota.

Dec. 10, 1965.

---

Shaft, Benson, Shaft & McConn, Grand Forks, for appellants.

George Longmire, Grand Forks, for respondent.

TEIGEN, Judge.

The defendant has appealed from an order granting a new trial. We reverse.

This is a tort action arising out of a two-car intersectional accident in which the injured guest of one car elected to sue the driver of the other vehicle and his employer. She did not sue her host. The case has been tried to two juries and each jury returned a verdict in favor of the defendants for a dismissal of the plaintiff's cause of action. After the first trial, the trial court granted a new trial which we affirmed. See Meyer v. Robb, N.D., 125 N.W.2d 145.

Judgment of dismissal was entered March 25, 1964. The order granting new trial was dated September 1, 1964. The defendants in this appeal asked for a reversal of the order granting new trial on the ground that, pursuant to Rule 59(i) of the North Dakota Rules of Civil Procedure, the trial court had no jurisdiction to grant a new trial on its own initiative more than ten days after the entry of the judgment.

Rule 59(i), N.D.R.Civ.P., provides:

"* * * Not later than ten days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

The plaintiff had made a timely motion for new trial stating the grounds upon which she relied and, with the motion for new trial, served assignments of errors of law and specifications of the insufficiency of the evidence. The trial court, in an exhaustive memorandum, reviewed the assignments of errors of law and the specifications of the insufficiency of the evidence and ruled against the plaintiff on all counts. In its memorandum decision the trial court, in part, stated:

"* * * the Court is of the opinion that the verdict of the jury was entirely within the great weight of the evidence and that the evidence was sufficient to justify the verdict of the jury."

The trial court, however, conducted a further search of the record than was necessary to answer the assignments of errors of law to determine whether some other cause for a new trial lurked therein. It discovered that it had erroneously instructed the jury relative to a statutory traffic regulation. It apparently was cognizant of the fact that the time had passed when the trial court could grant a new trial on its own initiative because it premised its decision on the following statement, alleged as a cause, in the plaintiff's motion:

"That the Court, irrespective of any errors of law or the insufficiency of the evidence should, in the exercise of the Court's sound and judicial discretion, grant the plaintiff a new trial."

The trial court decided the statement quoted alleged a cause for new trial with sufficient particularity to permit it to grant a new trial on the ground it erred in its instructions. There had been no objection made to the instructions and none was assigned in the specifications of error. We have often said the instructions unchallenged in the trial court constitute the law of the case. Sahli v. Fuehrer, N.D., 127 N.W.2d 900; Gravseth v. Farmers Union Oil Co., N.D., 108 N.W.2d 785; Kuntz v. McQuade, N.D., 95 N.W.2d 430; Montana-Dakota Utilities Co. v. Amann, N.D.,

81 N.W.2d 628; Montana-Dakota Utilities Co. v. Culver, N.D., 80 N.W.2d 541; McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771.

Rule 59(b), N.D.R.Civ.P., sets forth the causes for which a new trial may be granted. The ground alleged does not appear as a cause for new trial in this rule. The rule is in the exact wording of and supersedes Section 28–1902, N.D.R.C.1943, as amended by Chapter 215 of the Session Laws of 1949, except with a very minor addition to subsection 7 which is not material here. Neidhardt v. Siverts, N.D., 103 N.W.2d 97.

It is settled law of this State that the causes enumerated as grounds for a new trial are exclusive. Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228; Baird v. Kensal Light & Power Co., 63 N.D. 88, 246 N.W. 279; Goodman v. Mevorah, 79 N.D. 653, 59 N.W.2d 192; Hamre v. Senger, N.D., 79 N.W.2d 41; Sullwold v. Hoger, N.D., 110 N.W.2d 457. Although the above cases construed the statute, the same rule applies to Rule 59 of the North Dakota Rules of Civil Procedure which now sets forth the causes for vacating a verdict or other decision and granting a new trial. The ground for a new trial, upon which the court relied, is not a cause or ground set forth in the said Rules as a ground for new trial and is, therefore, not tenable.

The plaintiff in her motion for new trial alleged as a ground that there were errors of law occurring at the trial but did not specify the ground upon which the court granted new trial, to wit, error in instructions. It is well settled that where a motion for a new trial is made, errors of law, including errors in instructions not specified in the motion for a new trial, are waived. See Lindenberg v. Folson, Case, N.D., 138 N.W.2d 573, and the many cases cited therein. Thus the plaintiff waived the error of law upon which the trial court based its decision in granting new trial. It, therefore, naturally follows that the trial court granted a new trial on its own initiative. It had no power to do this for the reason that more than ten days had passed after the entry of judgment and we find no provision or rule extending the time because a timely motion for new trial is made. Thus the trial court's order vacating the verdict and granting a new trial was without authority of law because it had no jurisdiction and constitutes reversible error. The trial court had no jurisdiction to grant a new trial on its own initiative when more than ten days had elapsed after entry of judgment.

Rule 59(d) of the Federal Rules of Civil Procedure, 28 U.S.C., is identical with Rule 59(i) of the North Dakota Rules of Civil Procedure. It is well settled by the Federal Courts that if a Federal District Court purports to grant a motion for new trial on any ground not asserted in the motion for a new trial, it acts on its own initiative and hence must do so within the ten-day limitation prescribed by the rule. Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; Marshall's United States Auto Supply v. Cashman, 10th Cir., 111 F.2d 140; Bailey v. Slentz, 10th Cir., 189 F.2d 406; Kanatser v. Chrysler Corp., 10th Cir., 199 F.2d 610, Cert. den. 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; National Farmers Union Auto and Casualty Co. v. Wood, 10th Cir., 207 F.2d 659; Tsai v. Rosenthal, 8th Cir., 297 F.2d 614; Demeretz v. Daniels Motor Freight, Inc., 3rd Cir., 307 F.2d 469.

The Federal Courts have also held that a timely motion for new trial does not toll the running of the ten-day period within which the Federal District Court can grant a new trial on its own initiative. Tsai v. Rosenthal, supra.

We have also reviewed the assignments of errors of law and specifications of the insufficiency of the evidence set forth in the plaintiff's motion for new trial, all of which were denied by the trial court. We find that no prejudicial error resulted from the matters complained of and that the trial

court did not abuse its discretion in denying them as causes for a new trial.

We reverse the order granting new trial.

STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

BURKE, C. J., did not participate.