No. 44,492

LANDSCAPE DEVELOPMENT COMPANY, INC., *Appellee*, v. KANSAS CITY
POWER & LIGHT COMPANY, *Appellant*.

(415 P. 2d 398)

Opinion filed June 11, 1966.

*H. Thomas Payne*, of Olathe, and *Lowell L. Smithson*, of Kansas City,
Missouri, argued the cause, and *David Q. Reed*, of Kansas City, Missouri, was
with them on the briefs for the appellant.

*James H. Bradley*, of Olathe, argued the cause and was on the brief for the
appellee.

The opinion of the court was delivered by

FONTRON, J.: This action is an appeal by a landowner from an
appraisers' award in a condemnation proceeding. A jury returned
a verdict of $14,000.00 for the plaintiff landowner. Judgment was
entered on March 16, 1965, pursuant to the provisions of K. S. A.
60-258.

The plaintiff, being dissatisfied with the verdict, filed a motion
for a new trial. This motion was sustained, and a new trial ordered,

on April 15, 1965. The reason given by the court in ordering a new trial was "the fact that the Court can not approve the verdict of the jury, period."

The defendant (condemnor) has appealed from the order granting a new trial, designating as points, lack of jurisdiction and abuse of discretion.

We are confronted at the outset with the contention of the plaintiff (appellee) that the order granting a new trial is not a *final* order and, hence, is not appealable within the purview of K. S. A. 60-2102. This statute provides in pertinent part:

"(*a*) *As of right.* The appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from:

. . . . . . . . . . . . . . .

"(4) A final decision in any action, except in an action to recover money, the amount in controversy must be in excess of five hundred dollars ($500). In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

In *Connell v. State Highway Commission,* 192 Kan. 371, 388 P. 2d 637, this court had occasion to consider what constitutes a *final* order, as contemplated by the statute, and we there said:

"No attempt was made [in the statute] to define the word "final" and confuse the issue. The word is to be given its ordinary meaning. A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues. . . ." (p. 374.)

We agree that normally an order granting a new trial does not possess the finality required of an appealable order within the meaning of the statute. This view has respectable support. Judge Gard, in his work, Kansas Code of Civil Procedure, annotated, says in the commentary on section 60-2102 (*a*):

"This subsection eliminates appeal to the supreme court as a matter of right from (1) an order which grants or refuses a new trial . . ." (p. 765.)

However, while it is the general rule that an order granting a new trial is interlocutory and, hence, not subject to appeal as a matter of right, federal courts have long recognized an exception to the rule in those instances where the order is challenged on jurisdictional grounds. (*Board of Sup'rs v. Knickerbocker Ice Co.,* 2 Cir. (1935), 80 F. 2d 248; *Untersinger v. United States,* 2 Cir. (1950), 181 F. 2d 953.)

This exception is acknowledged in 3 Barron and Holtzoff, Federal Practice and Procedure, § 1302.1, p. 346, wherein the authors state:

"An order granting a new trial is usually not appealable, since such an order is purely interlocutory and is not such a final judgment as the statute makes

appealable. *There is a limited exception to this proposition in cases where the trial court lacked power to grant the new trial, as because the motion for a new trial was not made within the time prescribed by Rule 59. . . ."* (Emphasis supplied.)

Typical of the cases pronouncing this principle is *Chicago and North Western Railway Company v. Britten,* 8 Cir. (1962), 301 F. 2d 400, where the court stated:

"However, as this court said in the recent case of Tsai v. Rosenthal, 8 Cir., 1961, 297 F. 2d 614, 616:

" 'Where the jurisdiction of the court to vacate judgment and grant a new trial is challenged, an appeal will lie to review the power or jurisdiction of the court to make such order. Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Cooper v. Midwest Feed Products Co., supra [8 Cir., 1959, 271 F. 2d 177]; Jackson v. Wilson Trucking Corp., 100 U. S. App. D. C. 106, 243 F. 2d 212; Kanatser v. Chrysler Corp., 10 Cir., 199 F. 2d 610; City of Manning v. German Ins. Co., 8 Cir., 107 F. 52.' " (pp. 401, 402.)

In *City of Manning v. German Ins. Co.,* cited in the above quotation, the court discussed the rationale of the rule in this wise:

". . . An order granting or refusing a new trial, which the court has the jurisdiction or power to make, is discretionary, and cannot be reviewed by writ of error or appeal in the federal courts. [Citing cases.] But the question whether or not the court had the jurisdiction or power to make an order granting or refusing a new trial and avoiding a former judgment is always reviewable in the federal courts by a writ of error or an appeal challenging the order, because it goes to the effect and finality of the judgment itself. Phillips v. Negley, 117 U. S. 665, 671, 675, 678, 6 Sup. Ct. 901, 29 L. Ed. 1013." (p. 54.)

See also *Demeretz v. Daniels Motor Freight, Inc.,* 3 Cir. (1962), 307 F. 2d 469, and *Gilliland v. Lyons,* 9 Cir. (1960), 278 F. 2d 56.

The federal statute governing appeals, 28 U. S. C. A. § 1291, provides in material part that courts of appeal shall have jurisdiction from all *final* decisions of federal district courts except where a direct review may be had in the Supreme Court. Since the statute is similar to ours, insofar as it provides for appeals from *final* decisions, we believe the federal decisions construing it are entitled to persuasive weight.

For reasons hereafter discussed, the defendant directs a substantial challenge to the jurisdiction of the trial court to grant a new trial. That challenge, which appears to be made in good faith, brings the appeal within the purview of the exception we have noted. Accordingly, we consider the appeal is properly before us.

Our conclusion in this regard is not intended to be in derogation of what we have said in *Oertel v. Phillips,* 197 Kan. 113, 415 P. 2d 223. In that opinion, we approved the general rule that an order

granting a new trial is usually not appealable. We only point out, here, that an exception to that general rule exists when the jurisdiction of the trial court to grant a new trial is challenged. In such an exceptional circumstance, the challenged order is subject to appeal.

We proceed to consider the jurisdictional question raised by the defendant. The basis of its challenge goes like this: (1) The new trial was granted because the court could not approve the verdict. (2) This ground was not contained in plaintiff's motion for a new trial. (3) Hence, the court's action in granting the new trial was on its own initiative. (4) K. S. A. 60-259 (e) limits the time within which a new trial may be granted on the court's own initiative to ten (10) days after entry of judgment. (5) The order granting a new trial on the court's initiative, being made more than ten (10) days after judgment was entered, is void because the court lacked jurisdiction to make it.

K. S. A. 60-259 (e) provides as follows:

"Not later than ten (10) days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

This statute is identical to Federal Rule 59 (d), after which it was fashioned.

Federal circuit courts have interpreted this rule as meaning that where a verdict is set aside and a new trial is granted on a ground not contained in a motion for new trial, the trial court has acted "on its own initiative" and, consequently, such action cannot be taken later than ten (10) days after entry of judgment. (*Bailey v. Slentz*, 10 Cir. (1951), 189 F. 2d 406; *Marshall's U. S. Auto Supply, Inc. v. Cashman*, 10 Cir. (1940), 111 F. 2d 140, cert. den. 311 U. S. 667, 85 L. Ed. 428, 61 S. Ct. 26; *Freid v. McGrath*, 76 U. S. App. D. C. 388, 133 F. 2d 350; *Chicago and North Western Railway Company v. Britten*, supra; *Gilliland v. Lyons*, supra; *Jackson v. Wilson Trucking Corp.*, 100 U. S. App. D. C. 106, 243 F. 2d 212, *supra*; *National Farmers Union Auto. & Cas. Co. v. Wood*, 10 Cir. (1953), 207 F. 2d 659.)

The rule is given expression in *Kanatser v. Chrysler Corp.*, 10 Cir. (1952), 199 F. 2d 610, cert. den. 344 U. S. 921, 97 L. Ed. 710, 73 S. Ct. 388, *supra*, in these words:

". . . But, it is well settled in this and other jurisdictions that if the court purports to grant a motion for new trial on any ground not asserted

therein, it acts upon its own initiative and hence must do so within the ten day limitation prescribed by Rule 59 (d), supra. . . ." (p. 615.)

In *Freid v. McGrath,* supra, the court, in considering the same question, said:

"It is urged that judges may properly give weight to considerations not put forward by counsel; that a judge may properly grant a new trial for a reason wholly different from the reason assigned by a movant. There is no doubt that these contentions, standing alone, are correct. Paragraph (d) of Rule 59 contemplates that a judge may act in the manner suggested. But when he does so he acts on his own initiative. . . ." (p. 393.)

It has been expressly said that a timely motion for new trial does not extend the ten-day period in which the trial court may act on its own initiative. (*Freid v. McGrath,* supra; *Tsai v. Rosenthal,* 8 Cir. (1961), 297 F. 2d 614, *supra.*)

While the rule adopted in the foregoing cases appears to be well established on the federal appellate level, it has not escaped criticism or dissent. In *Lebeck v. William A. Jarvis, Inc.,* 3 Cir. (1957), 250 F. 2d 285, the court indicated it felt the rule to be an unnecessarily harsh limitation on the power of a trial court to accomplish substantial justice.

In *Steinberg v. Indemnity Insurance Company of North America,* U. S. D. C., E. D. Louisiana, New Orleans Division (1964), 36 F. R. D. 253, the district court refused to follow the majority rule (there being no prior pronouncement from the Fifth Circuit Court of Appeals) and said that ". . . [it] applies a strict and rigid interpretation to Rule 59 which is inconsistent with the well accepted purposes of the Federal Rules of Civil Procedure. . . ." (p. 255.)

The opinion in Steinberg cited the strong dissenting opinions of Judge Edgerton in *Freid v. McGrath,* supra, and Judge Burger in *Jackson v. Wilson Trucking Corp.,* supra. In his dissent in Freid, Judge Edgerton reasoned:

". . . There is no logical or legal difficulty in granting for one reason a motion made for another reason. And it seems to me a contradiction in terms to say, when a judge grants a party's motion, that he nevertheless acts upon his own motion; or, what comes to the same thing, that he acts of his own initiative. If he grants the party's motion he does not act of his own initiative; and vice versa. Rule 59 (*d*) clearly expresses this dichotomy: 'the court of its own initiative *may order* a new trial for any reason for which it *might have granted* a new trial on motion of a party . . .'" (p. 394.)

Criticism of the majority rule is expressed by Professor James Wm.

Moore, in his work, Moore's Federal Practice, second edition, Vol. 6, ¶ 59.09 [2], p. 3850:

"Similarly, we believe that once a timely motion has tolled the time for taking an appeal the court should have the power to do substantial justice in each case by granting a new trial on a ground not stated in the motion. The 10 day limit in Rule 59 (d) on the granting of a new trial on the court's own motion is designed to prevent the trial court from destroying the finality of a judgment after the limitation period has run. However, once finality has been suspended, there is nothing in the policy underlying Rule 59 (d) to prevent the trial court from exercising its discretion to grant the motion on grounds which it deems just. . . ."

In ¶ 59.11, Professor Moore continues:

". . . But once the finality of the judgment has been suspended by a proper motion, which is pending and undecided, we believe that the trial court should have the power to grant a new trial, on its own initiative, more than 10 days after the entry of judgment for any reason for which it might have granted a new trial on motion of a party." (pp. 3872, 3873.)

In similar vein, see note in 71 Harvard Law Review 552.

A tendency to restrict the application of the harsh majority rule can be observed in some of the more recent decisions. In this connection, see *Grimm v. California Spray-Chemical Corporation*, 9 Cir. (1959), 264 F. 2d 145; *Alcaro et al. v. Jean Jordeau, Inc.*, D. C. D. New Jersey (1942), 3 F. R. D. 61; *Lack Industries, Incorporated v. Ralston Purina Company*, 8 Cir. (1964), 327 F. 2d 266; *General Motors Corporation v. Perry*, 7 Cir. (1962), 303 F. 2d 544, and *Lebeck v. William A. Jarvis, Inc.*, supra.

We think it significant that in a report submitted March 31, 1964, to the standing committee on Rules of Practice and Procedure of the Judicial Conference of the United States, the Advisory Committee on Civil Rules recommended a change in Rule 59, designed to eliminate undesirable results produced by the narrow interpretation which had been given the current rule. The proposed amendment and the Advisory Committee's explanatory notes are found in 34 F. R. D. pp. 404-406.

At its October 1965 term, the United States Supreme Court, by order, amended Rule 59 (along with other Rules of Civil Procedure) and, on February 28, 1966, transmitted the same to Congress, to become effective July 1, 1966. Amended Rule 59 (d) reads as follows:

"Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely

served, for a, reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor." (39 F. R. D. 228.)

We find a great deal of merit in the minority view, the logic of which is encompassed in amended Federal Rule 59 (*d*), soon to be effective. Where the finality of a judgment has been postponed by the filing of a motion for new trial, we suggest there is little reason sustaining the majority rule. In our opinion, K. S. A. 60-259 (*e*), rationally construed, does not prohibit a trial court from granting a new trial more than ten days after judgment, even though the reason it assigns, if a proper ground under the statute, was **not** covered by the motion. Our view in this connection is buttressed by the comment of Judge Gard in Kansas Code of Civil Procedure, annotated, on page 272:

". . . There appears to be no impediment to the court's setting aside a verdict which it disapproves, even after the lapse of ten days . . ."

Hence, we are constrained to hold that the trial court in this case did not lack jurisdiction to order a new trial *sua sponte* some thirty days after the jury's verdict was entered, merely because the reason it gave for its action was not contained in the plaintiff's motion for a new trial.

Granting, however, the power of a trial court to direct a new trial more than ten days after judgment on some ground other than one asserted in a motion therefor, that authority must be exercised within the scope of the statute. Under K. S. A. 60-259 (*e*), the trial court, *sua sponte*, may order a new trial "for any reason it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

We think the trial court exceeded the bounds of its statutory authority in both respects: the reason assigned for granting the new trial was not one for which a party might have sought a new trial; and the reason for the court's action was not spelled out in its order.

K. S. A. 60-259 (*a*) sets forth, in plain and unmistakable language, the grounds on which a new trial may be granted to all or any of the parties. There are six of them. We see no need to list them now. It is sufficient, here, to say that the reason assigned by the trial court in this case, "that the Court cannot approve the verdict of the jury, period," is not one of the six grounds listed in the statute.

We deem the grounds delineated by statute to be exclusive and to constitute a limiting factor upon the authority of a trial court

to grant a new trial. In Gard, Kansas Code of Civil Procedure, annotated, page 272, the author says:

"This subsection [60-259 (e)] gives the trial judge the right, even in the absence of a motion for new trial, to order it on his own initiative within ten days after the entry of judgment, *for any ground which would have supported a motion. . . .*" (Emphasis supplied.)

In *Railroad Co. v. Werner,* 70 Kan. 190, 78 Pac. 410, this court said on page 192:

"It was held in *Sovereign Camp v. Thiebaud,* 65 Kan. 332, 69 Pac. 348, that a trial court cannot set aside a verdict and grant a new trial arbitrarily and without reason; and, it may be added, it can never be done except for a statutory reason. . . ."

The Supreme Court of North Dakota in *Meyer v. Robb,* (1965), 138 N. W. 2d 660, considered a case in which the trial court ordered a new trial for a reason not asserted in the motion, and said:

"It is settled law of this State that the causes enumerated as grounds for a new trial are exclusive. . . ." (p. 662.)

In ordering a new trial on its own initiative, a trial court not only is limited to those grounds for which it might have ordered a new trial on motion of a party, but it must also state the reason for its action specifically; not in the general language of the statute.

K. S. A. 60-259 (c) provides:

"The motion [for new trial] shall not follow the general language of the statute in stating the grounds for a new trial, but shall state specifically the alleged error or other grounds relied on."

It is just as important that the trial court be specific in stating its reasons for granting a new trial *sua sponte* as for a party to be specific in stating his grounds when moving for a new trial. The rationale for the requirement of specificity is set out in *Freid v. McGrath,* supra, as follows:

". . . When the new trial is granted upon motion of a party, the grounds appear in the motion, as the reasons assigned by the movant in compliance with the requirements of Rule 59 (a). When the judge acts of his own initiative he must set out the grounds in his order. Otherwise, the purpose of the rule will not be accomplished; the record will not reveal the basis upon which the order is made or permit intelligent review by an appellate court. . . ." (p. 393.)

In *Sullwold v. Hoger,* (N. D. 1961), 110 N. W. 2d 457, the court said:

". . . Even when a court is expressly authorized to order a new trial on its own initiative, it must in such order 'specify the grounds therefor.' That 'grounds' means something other than generalities is evident from such authorities as [citing cases]." (p. 459.)

The language found in *Southern Arizona F. Lines v. Jackson,* 48 Ariz. 509, 63 P. 2d 193, discussing the need for particularity in assigning reasons for granting a new trial is apropos:

". . . We further think, as a matter of justice to the opposite party and to the appellate court, that when the court does act *sua sponte* it is only fair that it should indicate, both before it rules and in the ruling itself, the ground upon which the new trial is ordered. . . . We hold . . . that . . . when the court acts on its own motion upon some ground not contained in the motion for new trial, it is its duty to indicate the ground upon which it is proceeding, in time that the parties may be heard thereon, and the record must in some manner show these grounds so that we may determine whether its discretion has been abused. . . ." (pp. 519, 520.)

The Supreme Court of Washington in *Mulka v. Keyes,* 41 Wn. (2d) 427, 249 P. 2d 972, expressed the same thought in these words:

". . . an order granting a new trial *on the ground that substantial justice had not been done* resulted in the dropping of an 'iron curtain' which shut off any effective review by this court." (p. 439.) (Emphasis supplied.)

The plaintiff cites decisions of this court supporting the authority of a trial court to grant a new trial whenever it disapproves of the jury's verdict. It must be conceded that this has been the rule in our jurisdiction. Indeed, we have often said that it is the court's duty to grant a new trial when dissatisfied with the verdict. (*Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589; *Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631; *Hornback v. Missouri-Kansas-Texas Rld. Co.,* 193 Kan. 395, 395 P. 2d 379.)

However, the cited cases were decided under procedures existing before the enactment of K. S. A. 60-259 (*e*). The former statutes governing the granting of new trials (G. S. 1949, 60-3001, *et seq.*) placed no limitation upon the trial court's power to grant new trials on its own motion, provided its action was taken within the term of court at which judgment was rendered. The present statute is in sharp contrast. It has effected important changes in the former procedure. While a trial court still has a high duty to grant a new trial on its own initiative when it disapproves the verdict, its disapproval must be bottomed on one of the statutory grounds, and its reasons therefor must be set out in its order specifically, not generally. These changes in past procedure are not to be ignored; the limitations effected thereby are binding upon courts. This is true, we might add, whether a trial court acts before or after ten days from the entry of judgment.

We are constrained to hold that the trial court's order setting aside the verdict and granting a new trial did not comply with the

requirements of K. S. A. 60-259 (*e*) and was ineffective. This conclusion makes it unnecessary to consider the contention that the trial court abused its discretion.

The judgment of the court below is reversed with directions to set aside its order granting a new trial and to reinstate the verdict of the jury.

FROMME, J., dissenting: Our cases under the 1963 code of civil procedure have held uniformly that an order granting a new trial is not an appealable order. To make an exception to the rule will add confusion to an otherwise simple area of procedure in the trial of cases. To say that an order granting a new trial is appealable as a matter of right when the jurisdiction of the trial court is challenged may well open the door to attempted appeal in every case.

This court must then determine when a valid jurisdictional question exists. Since this problem could well be settled on the authorities cited in the majority opinion I feel this court has taken the wrong fork in the road. An order granting a new trial should not be held an appealable order as a matter of right if the jurisdiction of the trial court is challenged. Such an appeal should be permitted only under K. S. A. 60-2102 (*b*) which permits intermediate appeal.