No. 46,432

James E. Higgs, *Appellee,* v. Phillip J. Biernacki, *Appellant.*

(499 P. 2d 1058)

Opinion filed July 20, 1972.

*Lloyd H. Haag,* of Garden City, argued the cause, and *A. M. Fleming, Dale E. Saffels* and *Clifford R. Hope, Jr.,* all of Garden City, were with him on the brief for the appellant.

*Lelyn J. Braun,* of Garden City, argued the cause, and *Dale H. Corley* and *Van Smith,* all of Garden City, were with him on the brief for the appellee.

*Per Curiam:* This is an action for damages brought by the plaintiff-appellee, James E. Higgs, against the defendant-appellant, Phillip J. Biernacki, arising from a collision between two motor vehicles. The case was tried to a jury.

At the conclusion of the evidence, the plaintiff moved for a directed verdict on the issue of liability and to submit only the issue of damages to the jury. The defendant moved for a directed verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law. The court stated, "The court believes that as a matter of law the defendant is guilty of negligence and that as a matter of law the plaintiff is not guilty of contributory negligence. I am going to reserve ruling on this point and let the matter go to the jury and after we have the jury's verdict, I will rule on the motion."

Five special questions were submitted to the jury with no general verdict. The case went to the jury at 8:05 p. m. and answers to the special questions were returned at 11:45 p. m. The jury answered questions 1 and 3 stating that neither defendant nor plaintiff was guilty of any acts of negligence that were a proximate cause of the collision. Question 5 asked: "What amount of damages, if any, did the plaintiff suffer as result of the collision involved?" The jury answered, "None." The court directed the jury to answer question 5 regardless of the answers made to the other questions.

Plaintiff moved for a mistrial, which the court denied. There being no verdict of damages, the court instructed the jury to continue deliberations and to answer the damage question. The

jury deliberated from 11:55 p. m. until 1:05 a. m., at which time the court released them for the night. The jury returned at 9:50 a. m. and resumed deliberations until 11:35 a. m. They reported to the court they could not agree on the amount of plaintiff's damages. The court at 11:38 a. m. ordered the jury to retire and consider the matter further. At 12:06 p. m., the jury returned and answered question number 5 by stating plaintiff's damages to be $20,000. At that time the court stated, "For the record, I am going to accept this verdict, but no judgment will be entered at this time." At no place in the record does it show that the answers to special questions returned by the jury were ever approved by the trial court. Further, at no place in the record is it shown that any final judgment has ever been entered by the trial court.

The court in its order granting a new trial on all issues stated, "The court feels that it committed error in holding the jury's feet to the fire in requiring a determination of the amount of damages when the jury was obviously reluctant to determine damages and had disobeyed a direct instruction to do so. The court feels it should have granted plaintiff's motion for a mistrial. The court is therefore declaring a mistrial and ordering that the case be retried because of the erroneous rulings of the court in not declaring a mistrial. . . ."

A new trial may be granted by the court under K. S. A. 1971 Supp. 60-259 for erroneous rulings of the court or if the verdict was given under the influence of passion. The court in its discretion may grant the pending motion upon grounds not stated by the moving party, and in that case the court shall specify the grounds in its order or the court may grant the motion on its own initiative not later than ten days after an entry of judgment for any reason which it might have granted a new trial on motion of a party and in the order shall specify the grounds therefor. The court specified that it had made erroneous rulings and that the verdict, or a portion thereof, was given under the influence of passion or coercion. The court's statements specifically give the reasons for granting a new trial and are in compliance with the statute.

In *Landscape Development Co. v. Kansas City P. & L. Co.*, 197 Kan. 126, 415 P. 2d 398, at page 134, we stated:

". . . While a trial court still has a high duty to grant a new trial on its own initiative when it disapproves the verdict, its disapproval must be bottomed

on one of the statutory grounds, and its reasons therefor must be set out in its order specifically, not generally . . ."

The trial court having determined that it had erred in failing to grant a mistrial and in coercing the jury properly granted a new trial.

With certain exceptions not applicable here K. S. A. 60-2102 limits the scope of this court's appellate jurisdiction in civil actions to appeals from *final* decisions of the district court.

No final judgment was ever entered by the district court in this case. There is no final decision from which the appellant-defendant could appeal. The appeal should therefore be dismissed for lack of jurisdiction.

Appeal dismissed.

FONTRON, J., dissenting: Although the court correctly states the law as set out in *Landscape Development Co. v. Kansas City P. & L. Co.,* 197 Kan. 126, 415 P. 2d 398, it fails in my opinion to apply that law.

The jury returned a verdict finding the defendant free of fault and assessing no amount of damages. At this point, the amount of plaintiff's damage became immaterial. Nevertheless, the court directed the jury to find the damage, and returned it to the jury room for further deliberation. In its own words the court kept "holding the jury's feet to the fire", until after long hours they arrived at a figure of $20,000.

A new trial was granted on all issues "because of the erroneous rulings of the Court in not declaring a mistrial when the jury made its original finding of zero damages and in forcing the jury to find damages by refusing to declare a hung jury when the jury reported it was unable to agree." In my opinion this is not a sufficient ground under K. S. A. 1971 Supp. 60-259 for granting a new trial on all issues.

The amount of plaintiff's damages was irrelevant in view of the jury's finding of no liability on the defendant's part. An erroneous ruling on an immaterial matter is certainly not one contemplated by the statute. Had the trial court felt it had improperly forced the jury in requiring it to determine the plaintiff's damage, it should have limited the new trial, in the interest of consistency, to the issue of damages only.

I note the statement in the majority opinion that the trial court specified the verdict was given under the influence of passion or

prejudice, but I find no mention of this ground by the trial court in the journal entry.

Had the trial court, as it might have done, sustained the plaintiff's motion for a directed verdict, the decision on which the court had reserved, an entirely different situation would be presented. In that event the question of damages might well be relevant, but such is not the case before us now.

This court concludes its opinion by stating there is no final judgment from which an appeal can be taken, citing K. S. A. 60-2102. In *Landscape Development Company* we held that although an order granting a new trial is ordinarily not appealable as a final order, an exception to the rule exists where the order is challenged on jurisdictional grounds.

In my opinion this case should be reversed. Hence, I respectfully dissent.